UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROYAL CONTINENTAL NUBIAN              )
SUDAN GOVERNMENT, et al.,             )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )          No. 4:21 CV 1183 CDP
                                      )
J.G.Z., et al.,                       )
                                      )
            Defendants.               )

## MEMORANDUM AND ORDER

This matter comes before the Court on review of a civil action filed by three entities purporting to represent themselves:  Royal Continental Nubian Sudan Government, His Majesty Lord Punchall, and Global Southern Hemisphere Union. The caption on the first page of the complaint lists defendants as "U.S. 9th District COURT Judge J.G.Z., U.S. 9TH DISTRICT COURT/RECORD PROPER (U. S. BUREAU OF LAND MANAGEMENT (Santa Fe, NM, Division); STATE OF NEW MEXICO; LUNA COUNTY COMMISSION; NEW MEXICO'S GOVERNOR MESHELL L. GRISHAM (SUSANN MARTINES); DEMING CITY COMMISSION BOARD)."  No defendants have been served.  For the reasons discussed below, venue is not proper in the Eastern District of Missouri. Because the complaint is legally frivolous, transfer to another district is not in the interests of justice and so the case will be dismissed.

**The Earlier Eastern District of Missouri Lawsuit**

On April 6, 2021, the same purported plaintiffs filed a civil action in this
Court naming the same defendants.[1]  *See* Case No. 4:21CV398 NCC (E.D. Mo.).
Although in that case the Court noted that plaintiffs' allegations were extremely
disjointed and virtually incomprehensible, it concluded that plaintiffs were
attempting to sue a district judge from the United States District Court for the
District of Arizona, based upon a disagreement with an opinion filed by the judge.
(*Id*. at ECF 3.)  *See Punchard v. Luna Cty. Bd. of Commissions*, No. CV-19-00159-
TUC-JGZ, 2019 WL 11271389, at *1 (D. Ariz. June 18, 2019), aff'd sub nom,
*Punchard v. Luna Cty. New Mexico Bd. of Commissions*, 797 Fed. Appx. 345 (9th
Cir. 2020).  In support of the complaint, plaintiffs attached the Arizona court
decision, along with additional correspondence, bills, and notes.

On April 15, 2021, the Court dismissed the complaint for improper venue.
In so doing, the Court noted that plaintiffs did not allege that any act or omission
took place in the Eastern District of Missouri, and that defendants were not located
within this district.  The Court thus found that venue in this district was improper
under 28 U.S.C. § 1391(b).  Based on plaintiffs' history of frivolous litigation, the
Court did not deem transfer warranted.  (Case No. 4:21CV398, ECF 3.)

---

[1] Many pages of the complaint filed in the instant case are copies or nearly identical copies of
pages of the complaint filed in the earlier suit.

Plaintiffs filed a notice of appeal on May 4, 2021.  The Eighth Circuit Court

of Appeals summarily affirmed the dismissal on June 24, 2021.  *Lord Punchall v.*

*Honorable J.G.Z.*, No. 21-2024 (8th Cir. June 24, 2021).  (*See* Case No.

4:21CV398, ECF 11.)  The court of appeals later denied plaintiffs' petition for

rehearing, and mandate issued August 11, 2021.  (*See id.*, ECF 12, 13.)

Plaintiffs then filed in the district court a "motion for redress," which was

denied.  (Case No. 4:21CV398, ECF 15.)  Plaintiffs then filed a motion for

reconsideration, seeking to refile the same complaint.  The Court denied that

motion on October 1, 2021.  (*Id.*, ECF 19.)  Given that the Eighth Circuit had

affirmed the dismissal of the complaint, the Court stated that the proper course of

action for plaintiffs was to file new action.  (*Id.*)

## The Complaint in this Case

The instant complaint was filed on October 4, 2021.  It is very similar to the

complaint that was filed and dismissed in Case No. 4:21CV398.  Indeed, the

complaint itself appears to be a photocopy of the complaint filed in that case, but

with some additional handwritten notations and a "venue statement" included.  The

caption of the complaint is identical to that of the earlier case and, as set out above,

appears to name the following as defendants:  1) Judge J.G.Z. of the United States

District Court for the District of Arizona;[2] 2) the United States District Court for

---

[2] Referring to United States District Judge Jennifer G. Zipps.

the District of Arizona; 3) The U.S. Bureau of Land Management, Santa Fe, NM

Division; 4) the State of New Mexico; 5) the Luna County Commission; 6) New

Mexico Governor Michelle L. Grisham;[3] and 7) the Deming City Commission

Board.  The complaint consists of twenty-four typewritten pages, along with seven

exhibits, including two court orders in the Arizona case, *Punchard v. United States*

*Bureau of Land Management, et al.*, No. CV-17-00148-TUC-JGZ; a court order in

a case from the District of New Mexico, *Punchard v. Luna County Commission, et*

*al.*, No. Civ. 98-0140 JC/RLP; correspondence from Billy Punchard to the Bureau

of Land Management, dated December 4, 2014; an August 20, 2018 "Notice to

Vacate" from Billy Punchard, directed to the Deming City Council; a December 1,

2014 letter to William Punchard from Luna County, New Mexico; and a letter

from Lord Punchall directed to this Court, dated September 30, 2021.  Plaintiffs

have recently filed "notices" in which they contend that J.G.Z. has failed to

respond to their allegations and that a sufficient amount of time has passed for the

Court to rule on their claims.  (ECF 5, 7.)  Plaintiffs also filed a "motion to vacate"

in which they request the Court to remove "unlawful trespassers" from certain

property.  (ECF 6.)

As in the earlier case, plaintiffs' complaint is rambling, disjointed, and laden

with legal citations and arguments, making it difficult to discern what plaintiffs are

---

[3] Plaintiffs spell Governor Grisham's first name as "Meshell."

ultimately seeking.  It appears that plaintiffs began this litigious saga because of

what they consider to be an "unreasonable Seizure of Federal Mining Lease

Contracted Property."  (ECF 1 at p. 6.)  The property referred to is located in New

Mexico, not in Arizona or in Missouri.  Plaintiffs appear to assert that Judge JGZ

improperly permitted the other defendants to litigate a case plaintiffs brought

involving the property despite defendants being in default.  The case was

ultimately dismissed, which plaintiffs allege was also improper.

It appears that all of plaintiffs' attempts to sue in a jurisdiction having any

relation to the facts have failed.  Plaintiffs now seek to have all the judges of the

United States Court of Appeals for the Ninth Circuit recuse themselves, and to

"reopen" this case in this Court due to "extraordinary circumstances."  (ECF 1 at p.

7.)

A.    Venue in this District is Improper

Pursuant to the general venue provisions of 28 U.S.C. § 1391(b),

A civil action may be brought in – (1) a judicial district in which any
defendant resides, if all defendants are residents of the State in which
the district is located; (2) a judicial district in which a substantial part
of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated;
or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any
defendant is subject to the court's personal jurisdiction with respect to
such action.

If venue is improper, the Court must either dismiss the action or, in the interest of

justice, transfer the action to the proper district.  28 U.S.C. § 1406(a).

In the earlier case, the Court found venue to be lacking in this district under 28 U.S.C. § 1391(b) and dismissed the action under 28 U.S.C. § 1406(a).  In the complaint filed in this action, plaintiffs contend that the case may be brought in this district because JDZ and the "U.S. 9th District Court" are officers or employees of the United States, and that 28 U.S.C. § 1391(e) permits venue requirements to be "waived" for cases against such officers or employees.  (ECF 1 at pp. 9-10.)  Plaintiffs are simply incorrect.

First of all, § 1391(e) does not contain a "waiver of venue" provision as plaintiffs assert and instead identifies specific criteria for establishing proper venue for an action brought against an officer or employee of the United States.  As with the general venue provisions of § 1391(b)(1) and (2), venue is proper for cases against such defendants if the case is brought in a district in which a defendant resides, or one in which a substantial part of the events/omissions giving rise to the claim occurred or where the subject property is situated.  *See* 28 U.S.C. § 1391(e)(1)(A), (B).  None of the defendants named in this case is alleged to reside in this district.  And plaintiffs do not allege that any act or omission related to this case occurred in this district or that any subject property is located here.  Section 1391(e)(1) also permits claims against United States officers or employees to be brought in a district in which a plaintiff resides if no real property is involved in

- 6 -

the action.  28 U.S.C. § 1391(e)(1)(C).  All plaintiffs here reside at the same

address in Deming, New Mexico.  None reside in Missouri, let alone the Eastern

District of Missouri.

Because plaintiffs have failed to meet any of the venue criteria set out in

either § 1391(b) or § 1391(e), venue in the Eastern District of Missouri is

improper.

B.      Transfer to Another District is Unwarranted

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is

not proper, the district court can either dismiss the action or – if it is in the interest

of justice – transfer the case to any district or division in which it could have been

brought.  In this case, transfer to any other district or division is unwarranted as it

would only lead to this case's eventual dismissal.

Plaintiff Lord Punchall is a fictitious name used by Billy Lloyd Edwards,

also known as William Lord Punchard, Billy L. Edwards, Billy Lloyd Edwards

Punchard II, William L. Punchard, William L.E. Punchard II, and Billy Lloyd

Punchard.  Plaintiff Punchall has been a frequent filer of frivolous litigation in both

state and federal courts.  In many of his cases, Punchall purports to be the "king,"

"emperor," or head-of-state for a nonexistent country he calls the "Royal

Continental Nubian Sudan Government."

Beginning almost thirty years ago in New Mexico state and federal courts,

Punchall has filed a multitude of cases against local, state, and federal courts,

agencies, and officials.  In 2008, the District of New Mexico banned him from the

filing of civil litigation.  *Punchard v. Deming City Mun. Ct.*, No. CV 07-589

MV/KBM, 2008 WL 11417185, at *5 (D. N.M. Feb. 5, 2008).  Thereafter,

Punchall began filing litigation in the District of Arizona.  *See Punchall v.*

*Grisham*, No. CV-20-00350-TUC-RM, 2021 WL 1056392, at *2 (D. Ariz. Mar.

18, 2021) (listing cases and noting that "[p]laintiff has also previously filed

meritless lawsuits in the District of Arizona based on allegations similar to those

raised in the present case; his prior lawsuits were all dismissed.").

The plaintiffs here, including Punchall, appear to have filed this action in the

Eastern District of Missouri in an attempt to circumvent both the prior dismissals

Punchall has encountered and the vexatious-litigant filing restrictions to which he

is subject.  Regardless, plaintiffs have stated no facts in the complaint that would

give this Court federal subject-matter jurisdiction over their claims.  *See Arbaugh*

*v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (noting that claim invoking federal-

question jurisdiction may be dismissed for lack of subject-matter jurisdiction if it is

not colorable, that is, if it is immaterial and made solely for the purpose of

obtaining jurisdiction or is wholly insubstantial and frivolous).  Given plaintiff

Punchall's history of vexatious litigation and the convoluted and fantastical

allegations in the complaint here, I do not find that transferring this case to another

district or division would serve the interests of justice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of proper venue. *See* 28 U.S.C. § 1406(a).  All pending motions are **DENIED**.

A separate Order of Dismissal is entered herewith.

Plaintiff Lord Punchall is cautioned that his continued attempts to file and refile this frivolous action in this Court may result in a vexatious-litigant filing restriction similar to those imposed against him in other courts.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 22nd day of February, 2022.